IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM LEX : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 13-mc-96 |
| MARVIN WEINAR : | |

**NORMA L. SHAPIRO, J.**                                                                               **MARCH 31, 2015**

### MEMORANDUM

Before the court are petitioner William Lex's ("Lex's") Petition to Vacate Arbitration Award (paper no. 1) and respondent Marvin Weinar's ("Weinar's") Cross-Petition to Confirm Arbitration Award (paper no. 17). Lex's Petition to Vacate is granted, in part, and denied, in part, and Weinar's Cross-Petition to Confirm is denied as untimely.

**I.      BACKGROUND**

Lex, a Pennsylvania citizen and securities broker, began advising Weinar, a New Jersey citizen, in 2004. Primarily selling insurance products and variable and fixed annuities, Lex worked as an independent broker for more than thirty-five years. In the early 1980s, Lex affiliated with a New York-based broker-dealer, McGinn Smith & Co., Inc. ("McGinn Smith"). McGinn Smith was registered with the United States Securities and Exchange Commission ("SEC") and was a member firm of the Financial Industry Regulatory Authority ("FINRA"). When Weinar first consulted Lex, Lex was an independent contractor with McGinn Smith. Based on Weinar's income, assets, and financial objectives, Lex advised Weinar to invest a portion of his assets in "LLC Notes," a type of private placement promissory note. Weinar's account with Lex was non-discretionary; Lex was not able to make investment decisions on Weinar's behalf. Weinar earned approximately $100,000 in interest from his investment in the LLC Notes and used the money to purchase additional notes.

Between 2006 and 2010, the principals of McGinn Smith were diverting client investment funds and using them for personal purposes. McGinn Smith and its affiliates were

placed in receivership and had their assets frozen on April 20, 2010, by a temporary restraining order filed in *Securities & Exchange Commission v. McGinn Smith & Co.*, 1:10-CV-00457 (N.D.N.Y. Apr. 20, 2010).[1]  Because of the SEC action against McGinn Smith, Weinar's investments lost all value.  In December 2010, Weinar initiated the underlying arbitration against Lex under Section 13302 of the FINRA Code of Arbitration Procedure.  Weinar, seeking compensatory damages in excess of $440,000, alleged that Lex had breached numerous duties by recommending "unsuitable and inappropriate" investments and transactions.

Three FINRA arbitrators held the arbitration in Philadelphia, Pennsylvania.  On February 14, 2013, the arbitrators entered an award in favor of Weinar; Lex was ordered to pay compensatory damages of $270,000 plus six percent interest, compounded annually, and fees of $7,862.50.  Arbitration Award at 3 (paper no. 1, ex. A).  The arbitrators further ordered that, upon Lex's payment of the award, Weinar had to assign Weinar's interest in the LLC Notes to Lex.  *Id.*  Weinar lost approximately $440,000 of his personal funds by investing in the worthless LLC Notes.

On the day the arbitrators entered the award, Weinar filed a petition to confirm arbitration award in the New York State Supreme Court under the New York arbitration statute, N.Y. CVP. Law §§ 7501-7514.  Petition to Confirm Arbitration Award, *Weinar v. Lex*, No. 650495-13 (N.Y. Sup Ct., N.Y. Cnty. Feb. 14, 2013).  Lex filed a notice of removal to the U.S. District Court for the Southern District of New York.  Notice of Removal, *Weinar v. Lex*, No. 13-CV-01511 (S.D.N.Y. Mar. 6, 2013).  Lex filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the action to the Eastern District of Pennsylvania.

On April 3, 2013, Lex filed a petition to vacate arbitration award (paper no. 1) under the Federal Arbitration Act ("FAA").  Weinar filed a motion to dismiss, transfer, or stay the action, and the court ordered the action stayed pending the Southern District of New York decision on personal jurisdiction over Lex.

---

[1] On August 7, 2013, the Honorable David N. Hurd of the Northern District of New York sentenced Timothy McGinn and David Smith, founders of McGinn Smith, to fifteen and ten years in prison, respectively.  Minutes of Sentencing Proceedings, *U.S. v. McGinn*, No. 1:12-cr-00028 (N.D.N.Y. Aug. 7, 2013).

2

The Southern District of New York granted Lex's motion to dismiss for lack of personal jurisdiction. With no appeal from that decision having been filed, this court removed the action from administrative suspense. Weinar filed a Cross-Petition to Confirm Arbitration Award under the FAA (paper no. 17).

## II.     DISCUSSION

A.     Jurisdiction

The court has jurisdiction under 28 U.S.C. § 1332(a)(1). Lex is a Pennsylvania citizen, Weinar is a New Jersey citizen, and the underlying arbitration award exceeds $270,000. Personal jurisdiction and venue are uncontested.

Petitioner filed his vacatur petition under the FAA. Although the FAA does not constitute an independent basis for federal jurisdiction, a diversity case may be brought under the FAA when the underlying arbitration agreement affects interstate commerce. *Goodwin v. Elkins & Co.*, 730 F.2d 99, 108-09 (3d Cir. 1984), *cert. denied*, 469 U.S. 831 (1984). It is undisputed that the underlying contract containing the arbitration agreement and establishing Lex as Weinar's broker for the sale of insurance, annuities and private placement securities affects interstate commerce.

B.     Choice of Law

At all relevant times, Lex's employer, McGinn Smith, was a member firm of FINRA, and Weinar initiated the underlying arbitration proceeding against Lex under the FINRA Code of Arbitration Procedure. FINRA administered the arbitration; the arbitrators were bound to conduct the arbitration pursuant to FINRA rules. Lex's petition for vacatur was filed under the FAA.

The FAA establishes a uniform federal law over contracts falling within its scope. *Goodwin*, 730 F.2d at 108. Although a federal court sitting in diversity would normally be bound by state law under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938), federal courts must apply the provisions of the FAA in a diversity case where no federal question is otherwise involved. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 405 (1967).

Parties may contractually opt out of FAA procedures for vacatur and confirmation, but

their intention to do so must be clearly expressed in the underlying contract. *Oberwager v. McKechnie Ltd.*, 351 Fed. Appx. 708, 710 (3d Cir. 2009).[2] Here, the parties did not do so. The underlying agreement contains a choice-of-law clause: "This Agreement shall be governed by and construed in accordance with the laws of the State of New York . . ." This clause, standing alone, is insufficient to support a finding that the contracting parties intended to opt out of the FAA default provisions. *Id*. In an action to vacate an arbitration award, the Court of Appeals for the Third Circuit applied federal rather than Delaware state service of process deadlines because the underlying choice-of-law provision, providing the contract was to be "governed by and construed in accordance with the laws of the State of Delaware," was insufficient evidence of a clear intent to opt out of the FAA service of process deadlines. *Id.* at 709, 711.

The FAA allows vacatur only where the arbitrators: (1) exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made; (2) were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or any other misbehavior by which the rights of any party may have been prejudiced; (3) were partial or corrupt; or (4) procured the award by corruption, fraud or undue means. 9 U.S.C. § 10(a). The court may look to the FINRA rules to determine if the arbitrators exceeded their powers, but the governing law in this action is the FAA.

C.     Timeliness of Petitions

The FAA sets a three-month deadline for moving to vacate an arbitration award and a one-year deadline for moving to confirm an arbitration award. 9 U.S.C. §§ 9, 12. The arbitrators entered their award on February 14, 2013, and Lex timely filed his petition to vacate on April 3, 2013.

Weinar filed his petition to confirm the same day the award was entered, but he filed in New York state court under the New York arbitration statute, not the FAA. Weinar first filed a petition to confirm under the FAA on May 22, 2014, fifteen months after the arbitration award was entered. The FAA one-year deadline for moving to confirm the arbitration award applies to

---

[2] The court recognizes *Oberwager* is not precedential authority and cites *Oberwager* as persuasive authority.

respondent's petition to confirm. The petition is untimely.

D. <u>Petitioner's Arguments for Vacatur</u>

Petitioner argues in support of his petition to vacate: (1) the arbitrators improperly admitted evidence related to an earlier FINRA arbitration award entered against petitioner with no relevance to the arbitration initiated by respondent; (2) the process was tainted by false testimony and the arbitrators prevented petitioner from exposing the relevant testimony as false; (3) the arbitrators exceeded their power in awarding respondent a rescissionary remedy; (4) petitioner was unfairly prejudiced because the arbitration chairperson suffered from a conflict of interest he failed to disclose; and (5) the arbitrators exceeded their power and acted contrary to the law in awarding respondent pre-award compound interest. Petitioner withdrew objections to the rescission remedy[3] and the arbitration chairperson's alleged bias and lack of disclosure.[4] Memorandum in Support of Petition to Vacate (paper no. 16).

The court applies Pennsylvania law on pre-judgment interest. Where the FAA and state law conflict or state law disfavors arbitration, the FAA preempts state law. *AT&T Mobility LLC v. Concepcion,* 131 S. Ct. 1740, 1748 (2011). The FAA does not preempt Pennsylvania law on pre-judgment interest because the FAA is silent regarding pre-judgment interest and the Pennsylvania limitation on pre-judgment interest does not impede arbitration. New York law is inapplicable; Pennsylvania law on pre-judgment interest applies to cases brought in Pennsylvania. *Optopics Lab. Corp. v. Nicholas*, No. 96-8169, 1997 WL 602750, at *15 (E.D. Pa. Sept. 23, 1997).

The compound pre-judgment interest arbitration award will be vacated. Under Pennsylvania law, pre-judgment interest is limited to six-percent simple interest. *McDermott v.*

---

[3] Lex previously objected to the award provision providing that Weinar had to assign Weinar's interest in the LLC Notes to Lex after Lex paid the award.

[4] Courts rarely vacate arbitrators' awards for arbitrator partiality, especially after the arbitration award has been entered. *See, e.g.*, *Cellu-Beep, Inc. v. Telecorp Comm'r, Inc.*, No. 13 Civ. 7236, 2014 WL 3585515, at *3 (S.D.N.Y. July 17, 2014) (the party requesting vacatur has the burden of demonstrating partiality by clear and convincing evidence, and the standard for disqualifying an arbitrator is triggered only when a reasonable person, considering all the circumstances, would have to conclude that an arbitrator was partial to one side).

*Party City Corp.*, 11 F. Supp. 2d 612, 632 (E.D. Pa. 1998). Respondent's counsel and the arbitration chairperson acknowledged that Pennsylvania provides for simple rather than compound pre-judgment interest. There is no basis in law or fact for this portion of the award, and it represents a manifest disregard of applicable law. Respondent is awarded pre-judgment simple interest.

There is a strong presumption under the FAA in favor of enforcing arbitration awards. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). A district court may vacate an arbitration award under narrow circumstances. *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003). The court's role in reviewing an arbitration is not to correct factual or legal errors made by an arbitrator; a court may not re-weigh evidence to decide whether to vacate the award. *Southco, Inc. v. Reell Precision Mfg. Corp.*, 556 F. Supp. 2d 505, 510 (E.D. Pa. 2008), *aff'd*, 331 F. App'x 925 (3d Cir. 2009).

Petitioner's argument that the award should be vacated because the arbitrators improperly admitted evidence (petitioner's FINRA BrokerCheck report) is without merit. The FINRA rules empower arbitrators to decide what evidence to admit, and the rules specifically provide that arbitrators are not bound by state or federal rules of evidence. Section 12604(a) of the FINRA Code of Arbitration Procedure. Procedural rules are within the discretion of arbitrators. *Ariz. Premium Fin. Co. v. Pers. Surplus Lines, Inc.*, No. 97-3622, 2003 WL 22999226, at *1 n.1 (E.D. Pa. Aug. 28, 2003). The court "cannot act as a legal screen to comb the record for technical errors in the receipt or rejection of evidence by arbitrators." *Lebeau v. Oppenheimer Co., Inc.*, No. 05-6779, 2006 WL 1737379, at *5 (E.D. Pa. June 23, 2006).

Even if petitioner were correct regarding admission of the BrokerCheck Report, it would not warrant vacatur of the award. An evidentiary error must be a fundamental error "affect[ing] the fairness of the proceeding as a whole" and causing "substantial harm." *Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.*, 397 F.2d 594, 599 (3d Cir. 1968).

The BrokerCheck report states petitioner was suspended from FINRA for his failure to pay a prior FINRA award entered against him. Petitioner fails to demonstrate that this report corrupted the arbitrators, was the decisive factor in the arbitrators' decision against him, caused him substantial harm, or the proceeding as a whole was fundamentally unfair. The arbitrators

6

considered petitioner's objection.  Petitioner had opportunities to rebut and defend against the purported prejudice stemming from the report's admission during his direct examination and closing argument.  *See, e.g.*, *Rita's Water Ice Franchise Co., LLC v. Simply Ices, Inc.,* No. 08-cv-2011, 2008 WL 4483812, at *3 (E.D. Pa. Sept. 30, 2008); *Newark Stereotypers' Union No. 18*, 397 F.2d at 599-600.

      Petitioner argues the arbitration was tainted by respondent's false, contradictory testimony regarding respondent's review of the Subscription Agreement for the investments and mischaracterization of an order ticket.  Petitioner claims the arbitrators prevented him from rebutting the purported fraud.

      To vacate an award as procured by fraud, a petitioner must establish:  (1) the existence of fraud by clear and convincing evidence; and (2) that the fraud was not discoverable with the exercise of due diligence.  *Rita's Water Ice Franchise Co., LLC,* 2008 WL 4483812, at *6.  An award is not fraudulently obtained when the protesting party had an opportunity to rebut the purported fraud during the proceeding.  *Kirschner v. West Co.*, 247 F. Supp. 550, 553 (E.D. Pa. 1965), *aff'd*, 353 F.2d 537 (3d Cir. 1965), *cert. denied*, 383 U.S. 945 (1966).

      Petitioner fails to offer clear and convincing evidence of fraud materially relating to an issue in the arbitration; contradictory witness testimony before arbitrators does not constitute fraud warranting vacatur.  *Grosso v. Barney,* No. 03-MC-115, 2003 WL 22657305, at *8 (E.D. Pa. Oct. 24, 2003) (an arbitration award may not be overturned because the court disagrees with the arbitrator's assessment of the credibility of witnesses or the weight the arbitrator has given to testimony).

      Respondent counsel's inferences during post-closing rebuttal regarding the order ticket do not constitute clear and convincing evidence of fraud.  He characterized this document as "objective evidence" that respondent made his first investment prior to signing the Subscription Agreement.  Even if respondent counsel was wrong, mischaracterization of evidence in post-closing rebuttal argument does not establish fraud warranting vacatur.

      Petitioner became aware of respondent's supposedly false, contradictory testimony as respondent asserted it, and petitioner had opportunities to address this testimony during petitioner's cross-examination and post-closing rebuttal.  None of petitioner's grievances meet

the high standard for vacating the award.

### III. CONCLUSION

The court will grant, in part, and deny, in part, petitioner's Petition to Vacate Arbitration Award (paper no. 1). The court will vacate the provision in the arbitration award providing compound pre-judgment interest to respondent as contrary to law. Respondent is awarded simple pre-judgment interest. The court will deny the Petition to Vacate the provisions in the arbitration award providing compensatory damages and fees to respondent. The court will deny respondent's Cross-Petition to Confirm Arbitration Award (paper no. 17) as untimely. An appropriate Order follows.